DELWIN MERRIHEW ET AL., PROSECUTORS, v. WATER PLANT COMMISSION, ETC., ET AL., DEFENDANTS.

GEORGE BILLY, PROSECUTOR, v. WATER PLANT COMMISSION, ETC., ET AL., DEFENDANTS.

Submitted May 3, 1938—Decided August 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Richard J. Baker* and *Winne & Banta.*

For the defendants, *Henry L. Janowski, Jack Rinzler* and *Charles Bernstein.*

PER CURIAM.

These cases are here on five rules to show cause why writs of *certiorari* should not issue to review the action of the defendant Water Plant Commission of the city of Garfield in dismissing the prosecutors from their employment. The meritorious point sought to be raised is that the ordinances and resolutions of the city of Garfield under which the Water Plant Commission is created and empowered are unlawful in that they attempt to delegate to the commission certain unauthorized powers, among which is the power to appoint and dismiss employes.

The prosecutors were dismissed by action of the commission, whereupon the city council by "motion" rescinded the dismissal. The mayor vetoed the "motion" and no action was taken upon the veto, council being advised, it is said, that the mayor was without power to exercise veto over a motion. The effect of these matters need not be considered now.

Prosecutors do not claim to be the holders of offices or positions, but assert that they were employes of the city and that there was a "relationship in the nature of a contract of employment." Prosecutor Billy was appointed by the Water Plant Committee of the governing body prior to the creation of the Water Plant Commission. The other four prosecutors were appointed by the commission whose power to make such appointments they now challenge. Their position is that they were employes nevertheless, because the city ratified their appointment by the unauthorized body.

In any event, it is conceded by all parties that prosecutors were mere employes, and in that situation the language of this court in *Langdon* v. *Netcong,* 11 *N. J. Mis. R.* 852, is applicable:

"It is plain on the facts, and is admitted by counsel both on argument and in the briefs, that the prosecutrix held

neither an office nor a position, but a mere employment, renewed annually, and from which she was discharged, wrongfully as she claims, while the year was running.

"She sued for her salary in the District Court and there was a nonsuit. Perhaps that was correct; in any event it is not before us for review. But it is clear to us that there is here no case for a *certiorari*, but rather one of an employer discharging an employe engaged by the year, while that year was running. The relation was contractual, and for breach of that contract an action for damages is the proper remedy.

In the instant case prosecutors claim to be employes with an indefinite term of employment and that they are subject to dismissal only by the city itself. It is not claimed they have the protection of tenure under any of the various statutes with respect thereto. The city itself would have power, under their contention, to terminate their employment at any time for any reason. If the water commission has no power to dismiss them, necessarily they are still employes of the city and are entitled to perform their work and receive their salaries. Under prosecutors' theory of the relationship between the parties, the refusal of the city to permit them to work and pay their salaries would constitute a breach of contract for which they have a remedy by action at law.

The rules to show cause are discharged.